The Order of Columbian Knights v. Matzel, 184 Ill. App. 15.

---

## The Order of Columbian Knights, v. Elmer Matzel et al.

## On Appeal of Amanda Schmidt, Appellant, v. Elmer Matzel, Appellee.

## Gen. No. 18,856.

## New York Life Insurance Company, v. Amanda Z. Schmidt et al.

## On Appeal of Amanda Schmidt, Appellant, v. Emma Matzel, Appellee.

## Gen. No. 18,857.  (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.  Heard in this court at the October term, 1912.  Reversed and remanded.  Opinion filed December 2, 1913.  Rehearing denied December 16, 1913.

### Statement of the Case.

Consolidated causes consisting of two bills of interpleader, one filed by The Order of Columbian

Knights against Elmer Matzel and Amanda Schmidt and one filed by New York Life Insurance Company against Amanda Schmidt and Emma Matzel. Both bills were filed by the respective complainants to determine the conflicting claims of the respective defendants to sums paid into court and admitted to be due as insurance on the life of John Schmidt, husband of Amanda Schmidt. Issues were made up by the answers of the conflicting claimants and the complainants to the bills filed dismissed out of the case. From a decree finding Elmer Matzel and Emma Matzel entitled respectively to the sums admitted to be due by the separate interpleaders, Amanda Schmidt appeals.

POPHAM, WOLFNER, RITTENHOUSE & BEILMAN, for appellant; RUDOLPH WOLFNER, of counsel.

ROBERT F. KOLB and TATGE & KOEPKE, for appellees.

MR. PRESIDING JUSTICE F. A. SMITH delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE, § 822*—*when beneficiary has a vested right entitled to protection in equity.* A beneficiary acquires a vested right in insurance which equity will protect if such beneficiary assists in paying the assessments or premiums under an agreement by which the proceeds of the insurance are to be paid to the beneficiary.

2. INSURANCE, § 825*—*when member not entitled to change designation of beneficiary.* Where a certificate is taken out for the benefit of a person named therein and delivered to such person in consideration of an agreement by the beneficiary which has been fully performed, the member is not entitled to a change of beneficiary without the beneficiary's consent.

3. INSURANCE, § 825*—*by-laws of mutual benefit association as affecting right to change beneficiary.* Provision in by-laws of a mutual benefit association that a change of beneficiary may be made at any time, without the consent of any existing beneficiary, has no application to a case where the beneficiary has acquired rights in and under the certificate for a valuable consideration.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

4. INSURANCE, § 503*—*when vested rights of beneficiary protected in equity.* The principle that vested rights may be acquired in mutual benefit insurance which courts of equity will enforce applies likewise to life insurance policies.

5. INSURANCE, § 822*—*assignability of benefit certificate.* While a benefit certificate is not assignable at law, all beneficial interest therein may be transferred in equity; and equitable rights may be acquired in a benefit certificate which will be enforced in equity.

6. WITNESSES, § 155*—*when wife is competent concerning transactions regarding certificate of insurance.* As against the claim of another to the proceeds of insurance as beneficiary, the wife of the member originally designated in the benefit certificate is incompetent to testify to any admissions or conversations of her husband relative to transactions concerning the certificate; but she is competent to testify to transactions relating to the certificate, such as the delivery of the certificate to her by her husband, the keeping of the certificate, the payment of dues and assessments by her with her own money, and the disappearance of the certificate while she was absent from home.